U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

APR 29 2014

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| LOUIS BUTLER | CIVIL ACTION NO. 5:13-CV-0969 |
| versus | JUDGE TOM STAGG |
| CITY OF SHREVEPORT and RED RIVER ENTERTAINMENT OF SHREVEPORT, L.L.C. D/B/A SAM'S TOWN CASINO | MAGISTRATE KAREN L. HAYES |

## MEMORANDUM RULING

Before the court are a motion for partial summary judgment filed by the plaintiff, Louis Butler ("Butler"), a cross-motion for summary judgment by the City of Shreveport ("the City"), and a cross-motion for summary judgment by Red River Entertainment of Shreveport, L.L.C. d/b/a/ Sam's Town Casino ("Sam's Town").[1] See Record Documents 20, 35, and 38. For the reasons set forth herein, Butler's motion is **DENIED**, the City's motion is **GRANTED**, and Sam's Town's motion is **GRANTED.**

---

[1] The City and Sam's Town will collectively be referred to as "the defendants."

## I. BACKGROUND

Butler was a patron at Sam's Town in Shreveport in the early morning hours on May 12, 2012. The relevant events were captured on surveillance video. See Record Documents 28 and 35, Ex. 2.[2] The parties agree that Butler was asked to leave the casino by Billy Harris ("Harris"), a Sam's Town security supervisor, because Butler was falling asleep and leaning on a craps table. See Record Documents 20, 29, and 38. Butler alleges that another member of Sam's Town security, Phillip Carr ("Carr"), joined Harris to escort Butler out of the casino. See Record Document 1 at ¶ 15. The defendants allege that Butler was being disorderly, cursing, and making threats. See Record Documents 35 and 38, Statement of Uncontested Material Facts.

Butler contends that, as Harris and Carr were escorting him to the exit, Carr signaled to Officer M.K. Dobbins ("Dobbins"), a Shreveport Police Department ("SPD") officer. See Record Document 1 at ¶¶ 17-18. The parties agree that Dobbins asked Butler for his identification and, when Butler refused to provide any, Dobbins reached out and grabbed Butler's arm. See Record Documents 20, 35, and 38. Butler contends that Dobbins then immediately grabbed him by the throat and took him to

---

[2] So far as the court was able to determine upon viewing the video exhibits submitted by Butler and the City, the two exhibits are identical.

the ground, with help from Harris and Carr. See Record Document 20. Butler further states that his hands were in his pockets when the physicality began. See Record Document 20, Statement of Uncontested Material Facts. The defendants allege that Butler threw a punch at Dobbins after Dobbins grabbed Butler's arm. See Record Documents 35 and 38, Statement of Uncontested Material Facts.

Butler claims that, after he had been taken to the ground, Dobbins kicked him in the face, fracturing his eye socket. See Record Document 1 at ¶¶ 23-34, Record Document 20, Statement of Uncontested Material Facts. Butler also contends that Dobbins sat on Butler's back and tased him multiple times before handcuffing him. See Record Document 1 at ¶¶ 25-26. The defendants allege that Butler resisted being handcuffed. See Record Documents 35 and 38, Statement of Uncontested Facts. The parties agree that, while Butler was handcuffed and on the ground, Dobbins punched Butler. The defendants contend that Dobbins punched Butler in the shoulder. See Record Documents 35 and 38, Statement of Uncontested Facts. Butler claims that Dobbins punched him in the head. See Record Document 1 at ¶¶ 27-28. Butler alleges that he lost consciousness for a brief period of time. See id. at ¶ 36.

Dobbins prepared an offense report following the incident, noting the offenses of resisting an officer with force, battery of a police officer, possession of marijuana, and public intoxication. See Record Document 38, Ex. B. Bills of information were

3

filed in state court on July 30, 2012, charging Butler with resisting a police officer with force or violence and possession of marijuana. See Record Document 30, Exs. D and E. According to the defendants, Butler is awaiting trial on these charges. See Record Documents 35 and 38.

Butler filed the instant lawsuit on May 20, 2013, alleging causes of action for excessive use of force and physical brutality under 42 U.S.C. § 1983 as well as the United States and Louisiana constitutions, and various state law claims against the defendants. See Record Document 1. Butler filed his motion for partial summary judgment on February 9, 2014, seeking judgment as a matter of law as to his cause of action for excessive use of force and physical brutality.[3] Both the City and Sam's Town filed oppositions to Butler's motion. See Record Documents 29 and 33. The City and Sam's Town then filed their respective motions for summary judgment, seeking dismissal of all claims. See Record Documents 35 and 38. Butler opposed both motions, and both the City and Sam's Town filed reply briefs. See Record Documents 41, 42, 48, and 49.

---

[3] Butler's complaint used the term "physical brutality," but his motion uses the term "police brutality." See Record Documents 1 and 20.

## II. LAW AND ANALYSIS

**A.      Summary Judgment And Partial Summary Judgment Standard.**

Federal Rule of Civil Procedure 56(a) provides, in pertinent part:

> (a) Motion for Summary Judgment or Partial Summary Judgment. A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a).[4] "A partial summary judgment order . . . is not a final judgment but is merely a pre-trial adjudication that certain issues are established for trial of the case." F.D.I.C. v. Massingill, 24 F.3d 768, 774 (5th Cir. 1994). Partial summary judgment serves the purposes of narrowing, simplifying, and focusing the issues for trial. See Calpetco 1981 v. Marshall Exploration, Inc., 989 F.2d 1408, 1415 (5th Cir. 1993). "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315

---

[4] The Advisory Committee Notes reflect that subsection (a)'s heading and text were amended in 2010 to clarify that "summary judgment may be requested not only as to an entire case but also as to a claim, defense, or part of a claim or defense." Fed. R. Civ. P. 56(a) and Advisory Committee Notes.

(5th Cir. 2004). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine [dispute] for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005). The Fifth Circuit has cautioned that "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy" the nonmovant's burden in a motion for summary judgment. Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir. 2002).

**B.      Butler's Federal Law Claims.**

Butler's first cause of action against the defendants alleges excessive force and physical brutality. The remedy for causes of action such as these comes under Section 1983 of Title 42 of the United States Code, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. The court will address Butler's claims against the respective

defendants individually.

### 1.   Butler's Section 1983 Claims Against Shreveport.

Municipalities can be held liable under section 1983. See Monell v. Dept. of Social Servs. of City of New York, 436 U.S. 658, 690, 98 S. Ct. 2018, 2035 (1978). However, "a municipality cannot be held liable under section 1983 on a respondeat superior theory." Id. at 691, 98 S. Ct. at 2036. Rather, a plaintiff alleging a section 1983 claim against a municipality must show that his injury was a result of a government policy or custom. Id. at 694, 98 S. Ct. at 2037-38; Board of County Comm'rs. v. Brown, 520 U.S. 397, 403, 117 S. Ct. 1382, 1388 (1997). A plaintiff can prove that a "policy or custom" exists by showing evidence of either a "formal legal declaration" or a "persistent pattern of conduct." Richardson v. Oldham, 12 F.3d 1373, 1381-82 (5th Cir. 1994).

Butler has not identified any formal policy that the City or the relevant actors—Dobbins, Harris, and Carr—were following during their interactions with Butler. Additionally, Butler has not pointed to any other incidents that might establish a persistent pattern of conduct by the City. Consequently, Butler has not met his burden under section 1983 to establish the liability of the City. Therefore, the City's motion is **GRANTED** as to Butler's claims against it under section 1983.

2. Butler's Section 1983 Claims Against Sam's Town.

A private entity can only be held liable under section 1983 if the plaintiff shows that the private entity was acting "under color of law." Morris v. Dillard Dep't Stores, Inc., 277 F.3d 743, 747 (5th Cir. 2001). Private entities act under color of law when they perform functions that are traditionally left to the state. See Barkley v. Dillard Dep't Stores, Inc., 277 F. App'x 406, 410 (5th Cir. 2008). Generally, when a private entity hires a police officer to provide security assistance at its place of business, the defendant will not be subject to liability under section 1983 "unless [the] officer has failed to perform [an] independent investigation . . . ." Morris, 277 F.3d at 750. In other words, the private entity will not be liable unless the officer's actions are based entirely on information provided by the entity. See id. at 749. Evidence of whether the officer performed an independent investigation can include whether the officer interviewed employees, independently observed the plaintiff, and wrote his own report after the incident. See id. at 750; Barkley, 277 F. App'x at 410.

Sam's Town contends in its motion that Butler cannot establish it was acting under color of law. Specifically, Sam's Town points to the fact that police officers such as Dobbins were expected to perform independent investigations rather than rely strictly on information from Sam's Town employees. See Record Document 38, Exs. B and C. Moreover, Sam's Town claims that Dobbins performed an independent

8

investigation in this case because he observed and interacted with Butler and did not rely solely on information provided to him by Harris and Carr. Dobbins also prepared his own report following the incident. See id., Ex. B.

The evidence supports a finding that Dobbins performed an independent investigation before performing any actions that could give rise to a section 1983 claim. Dobbins asked Butler for identification prior to making any physical contact with him. In the report he prepared, Dobbins states the reason that he attempted to detain Butler was because Butler failed to provide any identification when Dobbins asked for it. See Record Document 38, Ex. B. Dobbins also testified at a motion to suppress hearing in Butler's state criminal case that he smelled alcohol on Butler when he was talking to him. See Record Document 20-4. Because Dobbins performed an independent investigation, Sam's Town cannot be liable under section 1983 because it was not acting under color of law. Therefore, Sam's Town's motion is **GRANTED** as to Butler's claims against it under section 1983.[5]

---

[5] Having granted summary judgment to both defendants on other grounds, at this time, the court does not reach the question of whether there was excessive force giving rise to a claim under section 1983. Additionally, because the court has granted both the City's and Sam's Town's motions for summary judgment on Butler's excessive force claim, Butler's motion for partial summary judgment on this claim is **DENIED**.

C.  **Butler's State Law Claims.**

The court now turns to Butler's state law claims. Butler alleges several state law claims arising from the same case or controversy that allegedly gave rise to his federal claims. Therefore, this court has supplemental jurisdiction over these claims. See 28 U.S.C. § 1367(a). However, all of Butler's federal law claims have been dismissed. The court may decline supplemental jurisdiction over state law claims when all federal law claims have been dismissed. See id. § 1367(b)(3). The general rule in this circuit is to decline supplemental jurisdiction over state law claims when all federal law claims have been dismissed. See Certain Underwriters at Lloyd's, London v. Warrantech Corp., 461 F.3d 568, 578 (5th Cir. 2006). Accordingly, this court will decline to exercise supplemental jurisdiction over Butler's state law claims, and will **dismiss these claims without prejudice.** Under 28 U.S.C. § 1367(d), Butler will have at least thirty days from the date of dismissal to file any state claims which fall under the supplemental jurisdiction of this court and which were not prescribed prior to their submission to this court in an appropriate state tribunal before state periods of limitation resume.

### III. CONCLUSION.

For the reasons discussed herein, Butler's motion for partial summary judgment (Record Document 20) is **DENIED.** Additionally, the City's motion for summary

judgment (Record Document 35) and Sam's Town's motion for summary judgment (Record Document 38) are **GRANTED**. Specifically, all of Butler's federal law claims against both the City and Sam's Town are **DISMISSED WITH PREJUDICE**. The court will exercise its discretion under 28 U.S.C. § 1367(c), in accordance with the general rule of this circuit, and decline to exercise supplemental jurisdiction over Butler's state law claims. Butler's state law claims are **DISMISSED WITHOUT PREJUDICE**.

A judgment consistent with the terms of this memorandum ruling shall issue herewith.

**THUS DATED AND SIGNED** at Shreveport, Louisiana this 28 day of April, 2014.

JUDGE TOM STAGG